**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**


**IRY JAMES WILLIAMS,**

          Petitioner,

      v.                                    **Civil Action No. 5:23-CV-321
                                                    Judge Bailey**

**LOVETT,**

          Respondent.


## REPORT AND RECOMMENDATION

### I.    Introduction

On October 19, 2023, the pro se petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1].  Petitioner is a federal inmate at the Federal Correctional Institution Hazelton ("FCI Hazelton), in Bruceton Mills, West Virginia and is challenging the Bureau of Prisons' ("BOP's") computation of his sentence.  He alleges that the BOP has violated his due process rights and "unlawfully enhance[d]" his sentence by refusing to credit the time he served in state custody for aggravated robbery, burglary, and evading arrest against his federal sentences for escape, possession of a firearm by a convicted felon, and assault on a federal officer. [Docs. 1 at 6,7; 23-4].

The undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted at that time.  Accordingly, an Order to Show Cause was issued to the respondent. [Doc. 16].  Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, along with a supporting memorandum of law

on January 17, 2024. [Docs. 23; 23-1].  The petitioner filed his Response in Opposition on February 9, 2024. [Doc. 25].  On February 23, 2024, the respondent filed her Reply to the petitioner's Response. [Doc. 26].   The matter is now before the undersigned for a recommended disposition pursuant to LR PL P 2.  For the reasons set forth below, the undersigned recommends that respondent's motion be granted and that the petition be dismissed with prejudice.

## II.    Background

Petitioner was serving a federal sentence for possession of a firearm by a convicted felon when he absconded from the Dismas Charities Federal Residential Reentry Center ("RRC") in Midland Texas on February 28, 2016.  [Doc. 25-2 at 2, 7].  According to petitioner, while on escape status he became "implicated" in state charges. [Doc. 25-1 at 1].  In any event, he was subsequently arrested on March 6, 2016, by state authorities in Midland County, Texas on charges of burglary of a habitation; evading arrest/detention causing serious bodily injury; and aggravated robbery. [Doc. 23-2 at 2].  While in the primary custody of the state of Texas, awaiting pretrial proceedings on his state charges, the petitioner was borrowed by the United States Marshals Service ("USMS") to face federal charges, pursuant to a writ of *habeas corpus ad prosequendum* issued by the District Court for the Western District of Texas on April 27, 2016.  [Docs. 23-2 at 2; 23-3].

On June 14, 2017, petitioner was sentenced in federal court in the United States District Court for the Western District of Texas in three separate actions for which he received the following sentences: (1) 60 months imprisonment for escape from custody, in violation of 18 U.S.C. §751(a) for Criminal Action No: 7:16-cr-00069; (2) 100 months for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) for Criminal Action

number 7:16-cr-00068); and (3) 100 months for assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b) for Criminal Action number 7:16-cr-00206). [Docs. 23-2 at 3; 23-4]. The district court ordered all three sentences to run consecutively, resulting in a 260-month aggregate term of imprisonment, but the Order was silent regarding any relationship or recommendation regarding the state sentences that had yet to be imposed. [Id.]   Following his sentencing in federal court, petitioner was returned to state authorities on June 27, 2017, and the federal judgments were lodged as a detainer. [Docs. 25-2 at 12; 26-5 at 1].

On October 5, 2017, petitioner was sentenced in Texas state court to ten-year terms of imprisonment in case numbers CR-47102 (Aggravated Robbery) and CR-47104 (Evading Arrest Causing Serious Bodily Injury), for the crimes upon which his March 6, 2016, arrest was based, with one day credit, resulting in a state sentence that commenced on the effective date of March 5, 2016. [Docs. 23-2 at 2-3; 23-5 at 1-3 and 6-9]. The state court ordered the two sentences to run concurrently with each other, and also applied presentence credit for the time petitioner had spent in the primary custody of state authorities. [Id.]. Petitioner was thus awarded credit for all the detention time from the date of his arrest on March 6, 2016, as well as for the time he was in "temporary federal custody" pending resolution of his federal charges on the *writ ad prosequendum*. [Doc. 26-5 at 1]. The Order did not, however, indicate whether the Court intended the sentence to run concurrent or consecutive to petitioner's federal sentence. [Id.]

On March 29, 2021, Petitioner paroled from his state sentence, at which time he came into the exclusive custody of the BOP. [Doc. 23-2 at 3].   The BOP calculated

3

petitioner's federal sentence as commencing on the day he came into federal custody from the state, on March 29, 2021. [Doc. 26-5 at 1].

Petitioner claims that the BOP improperly calculated his sentence by refusing to credit him with the time he served in state custody from March 5, 2016 (the effective first day of his state sentence) to March 29, 2021 (the date he was paroled from the state of Texas). [Doc. 1 at 5, 6, 8].  He contends that he was actually "in official detention" under the primary custody of the federal government for that entire time period, and that as such, he is entitled to have that time credited to his federal sentence. [Doc. 1 at 6].

Petitioner unsuccessfully sought resolution of his claim for prior custody credit through the BOP's administrative remedy process.  He filed three administrative remedy requests and received a denial at each level. [Docs. 26-1 at 3; 26-2].  He asked for *nunc pro tunc* designation pursuant to 18 § 3621, which was denied on August 23, 2022. [Doc. 23-8].  As petitioner has exhausted all administrative remedies, this matter is now ripe for the Court's review. He is seeking credit against his federal sentence for the time he spent in state custody, from March 5, 2016 through March 29, 2021, for a total of some 1849 days. [Doc. 25 at 11].

### III.  Legal Standards

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th

Cir. 1982); *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.   No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *See Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

    **B.  <u>Motion to Dismiss for Failure to State a Claim</u>**

    A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (emphasis added)."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

    When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.   *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).  In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## C. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.  Discussion

### A.  Petitioner's federal sentence commenced on March 29, 2021

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences.  *United States v. Wilson*, 503 U.S. 329, 334 (1992).  Pursuant to 18 U.S.C. § 3585 (a), a federal sentence commences on  "the date the defendant is received in custody while waiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  Typically, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate acquires and retains primary jurisdiction over the inmate until the sentence imposed by that sovereign is satisfied. *Crandell v. Hudgins*, No. 1:21-CV-63, 2022 WL 39452, at *1, *4 (N.D. W.Va.  Jan. 10, 2022) (Mazzone, M.J.) *report and*

*recommendation adopted,* No. 1:21-CV-63, 2022 WL 386022 (N.D. W.Va.) *citing United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998).  The doctrine of primary jurisdiction, in the context of resolving sentence computations, recognizes "the priority of service regarding a defendant's contemporaneous obligations to multiple sovereigns, whereby a defendant will fulfill his obligations to the sovereign with primary jurisdiction over him before any others. *Yeary v. Masters,* No. 1:14-19114, 2016 WL 5852865**,** at *2 (S.D. W.Va.  Sept. 30, 2016) *citing Trowell v. Beeler*, 135 F. App'x. 590, at n.2 (4th Cir. May 19, 2005) (internal citations omitted.). When an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum*, the original sovereign has 'merely loaned that prisoner to federal authorities' and does not forfeit its primary jurisdiction. *Perkins v. Saad*, No. 5:16-CV-182, 2017 WL 6001513, at *3, (N.D. W.Va. Sept. 21, 2017) (Trumble, M.J.) *report and recommendation adopted*, No. 5:16-CV-182, 2017 WL 6001504 (N.D. W.Va. Dec. 4, 2017) (citing *United States v. Evans*, *supra*, at 912.) In such cases, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id*.

It is this concept of primary jurisdiction which is the crux of the petitioner's claim herein. He argues that since he was in federal custody at the time of his escape, the federal government is the primary sovereign for purposes of jurisdiction, and that therefore the entire time he spent in state custody serving his state sentence he was actually in federal custody and that therefore he is entitled to have that time credited toward his federal sentence.  [Doc. 25 at 3-4].  Citing *Ponzi v. Fessenden,* 258 U.S. 254 (1922) for the proposition that the first jurisdiction to arrest is the one with "priority of jurisdiction" until such time as that primary jurisdiction is relinquished, petitioner contends that the federal

government was the first jurisdiction to arrest him, by virtue of the federal sentence he was serving at the time he escaped. [Doc. 25 at 5].  In this respect, he asserts that at the time of his escape, he "had yet to fully extinguish or be relinquished from the jurisdiction" of the federal government, and that accordingly, when he was "apprehended," by Texas state authorities, he was, in fact, still attempting "to exhaust the [already] invoked jurisdiction" of the federal government. [Doc. 25 at 3,5-6].  Thus, petitioner argues that Texas was the "second" sovereign. "Primary" jurisdiction, he claims, resided with the federal government, and it was neither relinquished nor extinguished, but continued throughout the time following his escape from the federal halfway house on February 28, 2016, and through service of his state sentence. [Id. at 5, 6].

Petitioner's claim is wholly without merit.  Indeed, this Court previously ruled that when a petitioner escaped from federal officials, his federal sentence was tolled because he was no longer in federal custody.  *See Smith v. Driver*, No: 1:07CV109, 2008 WL 4058593, at *3 (N.D. W.Va.  Aug. 25, 2008).  In *Smith*, the petitioner escaped while serving a federal sentence and was arrested by Tennessee state authorities on armed robbery charges for crimes he committed while on escape status.  He was sentenced by the state court of Tennessee and committed to the state's custody. Tennessee authorities loaned petitioner to federal authorities, where he was sentenced on federal charges of escaping from federal custody and transporting a stolen vehicle in interstate commerce.  Smith was returned to Tennessee authorities to serve out the remainder of his state sentence. When he was subsequently paroled by Tennessee to the federal detainer, Smith claimed he was entitled to credit against his federal sentence for the time he spent in state custody.  In rejecting his claim, this Court explained:

…when petitioner escaped from federal officials on June 9, 1981, his federal sentence was tolled because he was not in federal custody. Tennessee then obtained primary custody over petitioner because Tennessee officials arrested petitioner on June 10, 1981. With primary custody over petitioner, Tennessee, in its sovereign authority, had the right to prosecute and incarcerate petitioner for state crimes committed while on escape from a federal sentence.

Although petitioner may believe that he was serving a state and federal sentence as a "federal inmate" under the custody of Tennessee, this Court finds otherwise… Petitioner did not begin serving the remainder of his federal sentence until September 12, 1989, because all of petitioner's federal sentences were to be served consecutively to any other sentence, and it was not until September 12, 1989, that Tennessee relinquished its primary jurisdiction over petitioner by releasing him to the custody of federal authorities.

*Id.* at *3, *4 (internal citations omitted). In the case presently before this Court, the petitioner was in the primary custody of the state of Texas between March 6, 2016, and March 29, 2021.  Texas, furthermore, did not lose its primary jurisdiction when it lent him to federal authorities pursuant to the writ of *habeas corpus ad prosequendum* and instead maintained primary jurisdiction over him until March 29, 2021, when he was released on parole and taken into federal custody pursuant to the federal detainer for service of his federal sentence. Accordingly, the undersigned finds that Texas did not relinquish primary custody over the petitioner and that his federal sentence did not commence until Texas discharged him to the federal detainer on March 29, 2021.

## B.  Petitioner is not entitled to additional prior custody credit

The calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b), which provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a

> result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

*Id.* (emphasis added). The Supreme Court has ruled that Congress made it clear in enacting the statute that a defendant cannot receive double credit for his detention time. *Wilson*, *supra* at 337.  This Court has likewise expressly ruled that the "statutory mandate" in § 3585(b) prohibits the BOP from applying prior custody credit toward a federal sentence if the prisoner has already received credit for that time toward another sentence.  ***Dowling v. Carter***, No. 1:12-CV-177, 2013 WL 2237866, at *3, (N.D. W.Va. May 21, 2013)  *citing Wilson*, *supra* at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); ***United States v. Goulden***, 54 F.3d 774, (4th Cir. May 17, 1995) ("credit is only available for time spent in custody which has not been credited against another sentence"); ***United States v. Brown***, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence). *See also **Tubbs v. Saad***, No. 1:17-CV-227, 2018 WL 3453918, at *5 (N.D. W.Va. June 19, 2018) (Aloi, M.J.), *report and recommendation adopted*, No. 1:17-CV-227, 2018 WL 3448228 (N.D. W.Va, July 17, 2018); *See also **Shaird v. O'Brien***, No. 3:12-CV-163, 2013 WL 1566654, at *5, (N.D. W.Va, March 11, 2013) (Kaull, M.J.), *report and recommendation adopted* 2013 WL 1563705, April 12, 2013; ***Dowling***, supra at *3; ***Simmons v. DeBoo,*** No. 5:11-CV-181, 2012 WL 2160982, at *5 (N.D. W.Va. May 21, 2012) (Seibert, M.J.), *report and recommendation adopted*, No. 5:11-CV-181, 2012 WL 2160970 (N.D. W.Va. June 14, 2012).

11

Thus, while a defendant must be given credit for time served in official detention prior to the date his sentence commences, in this petitioner's case that time has already been credited toward his state sentence.  The judgment in the federal sentencing Order was silent regarding any relationship to the pending state court action, and pursuant to the sentencing orders entered by the state court, the state sentence was given an effective starting date of March 5, 2016, the day before petitioner was originally arrested on the state charges, thereby awarding him credit for all time spent in state custody prior to the state sentence being imposed. [Docs. 23-4; 23-5 at 1. 2. 5, 8].   As this Court has previously ruled:

> Even though the federal sentence was imposed before the state sentence was imposed, the state sentence preceded the federal sentence because the state had primary custody and the effective date of its sentence, although imposed second in time, preceded the date of the imposition of the federal sentence.  Therefore petitioner cannot receive any additional credit for time spent serving his state sentence before his federal sentence was imposed, because to do so would award impermissible double credit.

*Simmons v. Deboo*, *supra*, at *5.  Thus, to the extent petitioner seeks credit for time in state custody towards his federal sentence, that time was already credited toward completion of his state sentence, and as such, the relief petitioner requests is statutorily prohibited.

The petitioner also claims that the comments of the sentencing judge in his federal cases reflect the Court's intention that the federal sentences were to run concurrently with his state sentence.  According to petitioner, the district judge's comment "*We'll just let it go…That's the state case…. I think the sentence is good enough,*" is somehow a "clear indication that the sentencing court was not silent but indicated no intention to impose a consecutive term." [Doc. 25-2 at 8].   The undersigned finds, however, that the record, when viewed in its entirety, simply does not support such an assertion, and absent a clear

directive from the district judge that the federal sentence was to be run concurrently with his pending state sentence, the law is well settled that petitioner's multiple terms of imprisonment are to run consecutively. *See **Baxter*** v. Saad, No. 1:15-CV-211, 2016 WL 4097094, at * 6 (N.D. W.Va. Aug. 2, 2016) *citing* 18 U.S.C. § 3584(a).

Finally, to the extent the petitioner is relying on authority that in certain particular circumstances has allowed prior custody credit toward a federal sentence, even if that time was also counted against a state sentence, those limited exceptions are clearly distinguishable from petitioner's case, primarily because this petitioner's state and federal sentences are not concurrent. [Doc. 25 at 10]. *See, e.g.,*, **Kayfez v. Casele**, 993 F.2d 1288 (7th Cir. 1993) (even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); **United States v. Benefield**, 942 F.2d 60 (1st Cir.1991) ( enforcing the rule against double-counting in an "across-the-board prohibition under all circumstances would lead to illogical results" in some situations where concurrent sentences are at issue). The undersigned finds however, that the petitioner has failed to establish any basis to demonstrate that the narrow exceptions of these cases apply to his circumstances.

Based on the foregoing, the undersigned finds that the petitioner has received credit toward his state sentence for the time from his arrest through his discharge to the federal detainer, and that he is not entitled to federal credit for the time spent in state custody, or to any further credit against his federal sentence.

13

C. **Petitioner's *Nunc Pro Tunc* designation was properly considered**

Pursuant to Title 18 U.S.C. § 3621(b), the BOP has the discretion to order a *nunc pro tunc* designation of a state facility as the place of imprisonment for a federal prisoner, essentially allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. ***Crandell v. Hudgins***, supra, at *4 and 5, *citing* **Jefferson v. Berkebile**, 688 F.Supp.2d 474, 486 (S.D. W.Va. 2010); ***Evans***, *supra* at 911-12; ***Woodall v. Fed. Bureau of Prisons,*** 432 F.3d 235, 245-46 (3d Cir. 2005).  The statute specifically directs the BOP to consider five factors in making this determination: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3)  the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence – (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).  Petitioner requested a *nunc pro tunc* designation, and the undersigned notes that the BOP did, in fact, undertake a review of petitioner's sentence pursuant to 18 U.S.C. 3621(b). Thus, as required by BOP Program Statement 5160.05(9)(b)(4)(c), the Designation and Sentence Computation Center sent a letter to petitioner's federal sentencing court on August 9, 2022, requesting "guidance" from the Court regarding  how petitioner's federal sentences should run with respect to the sentences ordered by the state of Texas, and further requesting the Court advise the BOP as to its "position" on the matter of a retroactive designation. [Doc. 23-6].   By letter dated August 22, 2022, the Hon. David Counts, Judge for the U.S. District Court for the Western

14

District of Texas responded that after reviewing the defendant's file and consulting with the United States Attorney's office, it was the Court's position that the defendant's federal sentences imposed in Case Numbers 7:16-CR68; 7:16-CR-69; and 7:16-CR206 and were to "run CONSECUTIVE" to the  state sentences imposed in Texas State Case Nos. CR47102 and CR47104. [Doc. 23-7].  The BOP thereafter, on August 23, 2022, denied the petitioner's *nunc pro tunc* designation request, based on its evaluation of the five statutory criteria. [Doc. 23-8]. The undersigned finds that the BOP did not abuse its discretion in its review of petitioner's  *nunc pro tunc* designation request.

### D.  **Petitioner has failed to demonstrate a violation of a protected liberty interest**

With respect to petitioner's claim that the BOP has violated his due process rights and liberty interest by unlawfully computing his sentence, thereby causing him to be incarcerated for longer than the imposed sentence required, the undersigned finds this claim to be without merit.  As this Court has recognized "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *See **Tubbs v. Saad***, supra, at *6.  As the BOP properly calculated the petitioner's sentence, no Fifth Amendment right is implicated. Accordingly, the petitioner has failed to state a cognizable due process claim.

### V. **Recommendation**

For the foregoing reasons, it is hereby recommended that the Motion to Dismiss or in the Alternative for Summary Judgment **[Doc. 23]** be **GRANTED** and the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation,  the  petitioner  may  file  with  the  Clerk  of  Court  **specific  written**

**objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: April 4, 2024.

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE