IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**IRY JAMES WILLIAMS,**

        Petitioner,

v.                                                  **CIVIL ACTION No. 5:23-CV-321**
                                                            Judge Bailey

**LOVETT**

        Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 27]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 4, 2024, wherein he recommends that the Motion to Dismiss or in the Alternative Summary Judgment be granted and the petition be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 27 at 2–4].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objection to the Report and Recommendations [Doc. 29] on April 22, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### A. Report and Recommendations

In the R&R, Magistrate Judge Mazzone found (1) petitioner's federal sentence commenced on March 29, 2021, when Texas discharged him to the federal detainer [Doc. 27 at 7–10]; (2) petitioner has received credit toward his state sentence for the time from his arrest through his discharge to the federal detainer, and that he is not entitled to federal credit for the time spent in state custody, or to any further credit against his federal sentence [id. at 10–13]; (3) the BOP did not abuse its discretion in its review of petitioner's *nunc pro tunc* designation request [id. at 14–15]; and (4) petitioner has failed to demonstrate a violation of a protected liberty interest [id. at 15].

### B. Objections

Petitioner generally argues that Magistrate Judge Mazzone "overlooked the evidence and facts presented and used unpublished precedent to erroneously adjudicate in favor of respondent." [Doc. 29 at 1]. However, much of petitioner's objections rehash arguments and statements petitioner advanced in his petition and response to respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

First, petitioner asserts that Magistrate Judge Mazzone "overlooked the evidence and facts presented and used unpublished precedent to erroneously adjudicate in favor of respondent." [Doc. 29 at 1]. However, petitioner spends most of his time in his "Error in Background analysis" section discussing how he was still a federal inmate under the jurisdiction of the Attorney General when he had absconded. *See* [id. at 1–4]. Citing **Wicker v. United States Atty**, 2011 U.S. Dist. LEXIS 144747, **Roche v. Sizer**, 675 F.2d

507 (2d Cir. 1982) and **Ponzi v. Fessenden**, 258 U.S. 254 (1922) for the proposition that a sovereign can only relinquish primary jurisdiction in one of four ways, (1) release on bail, (2) dismissal of charges, (3) parole; and (4) expiration of sentence, petitioner contends that the sovereign which first arrests an individual acquires priority jurisdiction. In this respect, petitioner again asserts that at the time of his escape, he "was under the authority of Federal authorit[es], and that jurisdiction ha[d] not been relinquished or exhausted. See [Doc. 29 at 2–4].

Second, petitioner argues the Report and Recommendations "went beyond authority to attempt to heavily weigh the evidence in favor of respondent with bias conclusions and unpublished opinion to dismiss" petitioner's complaint. [Id. at 5]. Petitioner asserts that he can produce genuine factual issues that can only be resolved by a finder of fact. See [id. at 5–6].

Third, petitioner argues that he did not relinquish in one of the four ways mentioned *supra*, and there is no evidence that the Attorney General relinquished jurisdiction over petitioner. Petitioner takes issue with Magistrate Judge Mazzone relying on **Smith v. Driver**, 2008 WL 4058593 (N.D. W.Va. Aug. 25, 2008) (Keeley, J.) in finding that petitioner's claim is wholly without merit. See [id. at 7–9]. Petitioner asserts that **Smith** "shows no precedential value" and is "not considered persuasive authority."

Fourth, petitioner argues he is entitled to prior custody credit pursuant to 18 U.S.C. § 3585(b). See [id. at 10–11].

Fifth, petitioner argues that his *nunc pro tunc* was not properly considered. See [id. at 11].

4

## C. Analysis

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review); *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner spends thirteen (13) pages discussing everything he has argued since the beginning of this case. Petitioner cites to no case law that would render any of Magistrate Judge Mazzone's recommendations moot.

Petitioner takes issue with Magistrate Judge Mazzone relying on *Smith* and argues that the Report and Recommendation abused its discretion by going beyond its authority to attempt to heavily weigh the evidence in favor of respondent with bias conclusions. Petitioner is incorrect when arguing that *Smith* is not considered persuasive authority. *Smith* was a case written by Judge Irene Keeley of this district. Even if *Smith* is not a published case, this Court still finds cases written by judges within this district *highly persuasive*. While *Smith* is unpublished and, therefore, not necessarily dispositive, the Fourth Circuit has held that these types of unpublished opinions are still "entitled only to the weight they generate by the persuasiveness of their reasoning[,]" which is highly persuasive in this instance. *See Hupman v. Cook*, 640 F.2d 497, 501 (4th Cir. 1981).

Additionally, *Smith* is analogous to the case at bar. In *Smith*, the petitioner escaped while serving a federal sentence and was arrested by Tennessee state authorities on armed robbery charges for crimes he committed while on escape status. He was

sentenced by the state court of Tennessee and committed to the state's custody. Tennessee authorities loaned petitioner to federal authorities, where he was sentenced on federal charges of escaping from federal custody and transporting a stolen vehicle in interstate commerce. Smith was returned to Tennessee authorities to serve out the remainder of his state sentence. When he was subsequently paroled by Tennessee to the federal detainer, Smith claimed he was entitled to credit against his federal sentence for the time he spent in state custody. In rejecting his claim, this Court explained:

> …when petitioner escaped from federal officials on June 9, 1981, his federal sentence was tolled because he was not in federal custody. Tennessee then obtained primary custody over petitioner because Tennessee officials arrested petitioner on June 10, 1981. With primary custody over petitioner, Tennessee, in its sovereign authority, had the right to prosecute and incarcerate petitioner for state crimes committed while on escape from a federal sentence. Although petitioner may believe that he was serving a state and federal sentence as a "federal inmate" under the custody of Tennessee, this Court finds otherwise… Petitioner did not begin serving the remainder of his federal sentence until September 12, 1989, because all of petitioner's federal sentences were to be served consecutively to any other sentence, and it was not until September 12, 1989, that Tennessee relinquished its primary jurisdiction over petitioner by releasing him to the custody of federal authorities.

*Id.*, at *3, *4 (internal citations omitted).

In this case, petitioner was in the primary custody of the state of Texas between March 6, 2016, and March 29, 2021. Texas, furthermore, did not lose its primary jurisdiction when it lent him to federal authorities pursuant to the writ of *habeas corpus ad prosequendum* and instead maintained primary jurisdiction over him until March 29, 2021, when he was released on parole and taken into federal custody pursuant to the federal detainer for service of his federal sentence. Accordingly, the undersigned agrees with Magistrate Judge Mazzone that Texas did not relinquish primary custody over the petitioner and that his federal sentence did not commence until Texas discharged him to the federal detainer on March 29, 2021.

Petitioner next objects that his *nunc pro tunc* was not properly considered. This Court disagrees. Petitioner requested a *nunc pro tunc* designation and the BOP did, in fact, undertake a review of petitioner's sentence pursuant to 18 U.S.C. § 3621(b). As pointed out by Magistrate Judge Mazzone and as required by BOP Program Statement 5160.05(9)(b)(4)(c), the Designation and Sentence Computation Center sent a letter to petitioner's federal sentencing court on August 9, 2022, requesting "guidance" from the Court regarding how petitioner's federal sentences should run with respect to the sentences ordered by the state of Texas, and further requesting the Court advise the BOP as to its "position" on the matter of a retroactive designation. *See* [Doc. 23-6]. By letter dated August 22, 2022, the Honorable David Counts, Judge for the U.S. District Court for the Western District of Texas responded that after reviewing the defendant's file and consulting with the United States Attorney's office, it was the Court's position that the defendant's federal sentences imposed in Case Numbers 7:16-CR68; 7:16-CR-69; and 7:16-CR206 and were to "run CONSECUTIVE" to the state sentences imposed in Texas

State Case Nos. CR47102 and CR47104. *See* [Doc. 23-7]. On August 23, 2022, the BOP denied petitioner's *nunc pro tunc* designation request based on its evaluation of the five (5) statutory criteria. *See* [Doc. 23-8]. Therefore, this Court agrees with Magistrate Judge Mazzone that the BOP did not abuse its discretion in its review of petitioner's *nunc pro tunc* designation request.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 27]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's response/objections **[Doc. 29]** are **OVERRULED**. The Motion to Dismiss, or in the Alternative, for Summary Judgment **[Doc. 23]** is **GRANTED** and the Petition **[Doc. 1]** is **DENIED and DISMISSED WITH PREJUDICE**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: April 24, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE